IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00371-NRN

SPICE MERCHANTS ENTITIES CORP., a Michigan corporation,
STM Properties, LLC, a Michigan limited liability company, and
LISA FREEMAN, a Michigan individual,

Plaintiffs,

v.

PRETTY COLORADO, LLC, a Colorado limited liability company,
CORINE WINSLOW, a Colorado individual, and
ELLIS YOUNG (USA), LTD, a Colorado limited liability company,

Defendants.

---

**ORDER ON PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF DEFENDANTS' LEGAL EXPERT STEVEN WEIGLER (ECF No. 100)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter comes before the Court on Plaintiffs' Motion to Exclude Expert Testimony of Defendants' Legal Expert Steven Weigler, Esq., filed April 21, 2025. ECF No. 100. Defendants filed a response on May 5, 2025. ECF No. 104. The Court heard argument on June 17, 2025. It is hereby **ORDERED** that the subject motion is **GRANTED IN PART** and **DENIED IN PART** as described below.

I.  **BACKGROUND**

At its heart, this is a dispute between franchisor Spice Merchants Entities Corp., owned by Lisa Freeman, and its former franchisee, Pretty Colorado, owned by Corine Winslow. In May and June 2024, the Court held an extended preliminary injunction hearing, where it heard lots of evidence about alleged breaches of the franchise

agreement, claimed violations of the Freeman's trademark ("Spice & Tea Merchants"), Winslow's continued operation of a spice and tea store that had previously been a franchised location, and disputes about who had or has the right to occupy the store property. On September 24, 2024, the Court issued its order granting in limited part, and denying in part, Plaintiffs' requested preliminary injunction. ECF No. 67.

On April 23, 2025, the Court issued its decision, ECF No. 101, on Defendants' Partial Motion for Summary Judgment, ECF No. 82. The Court dismissed Plaintiffs' claims for trademark infringement and unfair competition, finding as a matter of law and undisputed fact that (1) there was no likelihood of confusion from Defendants' use of the BRECKENRIDGE TEA & SPICE mark with Plaintiffs' SPICE & TEA MERCHANTS mark, and (2) there was no infringement on Plaintiffs' trade dress. *See generally* ECF No. 101.

Plaintiffs have disclosed the expert opinion of attorney Steven Weigler. *See* ECF No. 100-1. Mr. Weigler is a trademark and intellectual property attorney who has prosecuted over 1,015 trademarks. He has litigated numerous trademark infringement lawsuits as well as trademark cancelation proceedings at the United States Patent and Trademark Office's ("USPTO") Trademark Trial and Appeal Board ("TTAB"). Mr. Weigler publishes frequently on the subject of trademarks and trade dress protection. He is an active member of the International Trademark Association, IR Global (Intellectual Property Section), and the World Trade Center. He collaborates in written and video content with similarly situated trademark professionals and other practitioners. He teaches a course in International Intellectual Property Protection for the World Trade Center in Denver, Colorado. *See generally* ECF No. 100-1. Mr. Weigler is an expert in

trademark prosecution and law and believes that expert testimony in the area of trademark practice, procedure, custom, usage, and law related to trademark rights and formal disputes, both registered and common law, can assist "even the most experienced judges" on issues of trademark "due to the nuances, procedure, language, practice, and what can get one into trouble when attempting to secure trademark protection under the Lanham Act." *Id.* at 2.

Mr. Weigler's expert disclosure contains six discrete opinions, to wit:

I. "Plaintiff's Section 32 [15 U.S.C. § 1114] Claim for Goods it Intentionally Removed from the Application Is the Clearest Case of Fraud Against the USPTP that I have Ever Studied." *Id*. at 7.

II. "Plaintiff Cannot Benefit from the Natural Expansion Doctrine." *Id*. at 11.

III. "Plaintiff Abandoned Its' Service Mark." *Id*. at 12.

IV. "The Mark 'Spice & Tea Merchants' Is Conceptually Weak, Making it Next to Impossible to Establish the Likelihood of Confusion with Defendants' Mark." *Id*. at 14.

V. "Plaintiff's Burden is Even Heavier Under Section 43(a) of the Lanham Act as to Trademark Infringement." *Id* at 18.

VI. "Plaintiff Has Not Established a Protectable Trade Dress Claim." *Id*. at 19.

Before the issuance of the Court's summary judgment order, Plaintiffs had moved to exclude Mr. Weigler's testimony and various opinions. The primary ground for exclusion is that Mr. Weigler's opinions regarding the interpretation of the Lanham Act and the ultimate decisions that need to be made in this case, usurp the function of the trial judge. ECF No. 100 at 3. The gist of Plaintiffs' argument is that Mr. Weigler's testimony will not assist the trier of fact (in this case, the trial judge) because experts are not to state legal conclusions drawn by applying law to the facts. And "witness testimony that aims to 'direct the jury's understanding of the legal standards upon which [its]

verdict must be based' improperly usurps the role of the trial judge and is therefore inadmissible." *TBL Collectibles, Inc. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1184 (D. Colo. 2018) (quoting *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988) (a lawyer called as an expert must not define the legal parameters within which the jury must exercise its fact-finding function)).

But now, with Claim 1 (trademark infringement under statutory laws of the United States) and Claim 2 (unfair competition under the statutory laws of the United States) dismissed from the case on summary judgment, one might legitimately wonder why Defendants would still need to present the testimony of a legal/trademark expert at all. The answer, according to Defendants, is that there remains a claim for breach of the franchise agreement in the case, and a part of the franchise agreement is Freeman's SPICE & TEA MERCHANTS mark and her use of it in her franchise and franchise documents. ECF No. 104 at 7. Defendants' argument seems to be that one of the things they had been promised in the franchise agreement was the right to use a valid and protectable trademark, SPICE & TEA MERCHANTS. And yet, Defendants, via testimony they hope to elicit from their expert, will be arguing that the trademark is in fact invalid as procured by fraud, and therefore the franchise documents contained misrepresentations, which presumably makes the franchise agreement itself unenforceable.

## II.   STANDARD FOR ADMISSIBLE EXPERT TESTIMONY

Federal Rule of Evidence 704 does allow an expert witness to testify about an ultimate question of fact. *United States v. Richter*, 796 F.3d 1173, 1195 (10th Cir. 2015). But the rule does not permit an expert to instruct the jury how it should rule if the expert

does not provide any basis for that opinion. *Id*. To be admissible, an expert's testimony must be helpful to the trier of fact. Fed. R. Evid. 702. To ensure testimony is helpful, "[a]n expert may not state legal conclusions drawn by applying the law to the facts, but an expert may refer to the law in expressing his or her opinion." *United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008) (internal quotation marks and alterations omitted). "The line between a permissible opinion on an ultimate issue and an impermissible legal conclusion is not always easy to discern." *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006). Permissible testimony provides the factfinder with the tools to evaluate an expert's ultimate conclusion and focuses on questions of fact that are amenable to the scientific, technical, or other specialized knowledge within the expert's field. *United States v. Dazey*, 403 F.3d 1147, 1171–72 (10th Cir. 2005) ("Even if [an expert's] testimony arguably embraced the ultimate issue, such testimony is permissible as long as the expert's testimony assists, rather than supplants, the jury's judgment.").

As a result, "an expert may not simply tell the jury what result it should reach without providing any explanation of the criteria on which that opinion is based or any means by which the jury can exercise independent judgment." *Id*. at 1171. Expert testimony of this sort has been excluded alternatively "on the ground that it usurps the function of the jury in deciding the facts," or because it "interferes with the function of the judge in instructing the jury on the law." *Id*. (internal quotation marks omitted). Witnesses are permitted to testify about how the law applies to a certain set of facts, so long as they provide adequate explanations for their conclusions. *Id*.; *see also United States v. Buchanan*, 787 F.2d 477, 483–84 (10th Cir. 1986) (affirming admission of

expert testimony that a homemade device was a firearm and therefore needed to be registered with the Bureau of Alcohol, Tobacco, and Firearms); *United States v. Logan*, 641 F.2d 860, 863 (10th Cir. 1981) (an expert may testify about how certain funds were classified by law).

A footnote in the *Richter* opinion illustrates the rule gleaned from these decisions: an expert would not be permitted to tell a jury that a testator lacked capacity to make a will, but would be allowed to explain that a testator lacked the mental capacity to know the nature and extent of his property and the natural object of his bounty. *Richter*, 796 F.3d at 1196 n.13 (citing Fed. R. Evid. 704 advisory committee note and *Specht v. Jensen*, 853 F.2d 805, 807–08 (10th Cir.1988) (en banc) (relying on Rule 704's advisory committee note in concluding that an expert witness exceeded the permissible bounds of expert testimony where he was permitted to broadly testify regarding his legal conclusions)).

### III. DECISION

No one challenges Mr. Weigler's expertise in the area of trademark law and trademark prosecution. The question is whether his opinions would be helpful to the finder of fact, or whether, instead, the opinions improperly invade the province of the Court.

Based on the rulings on summary judgment, I find a number of Mr. Weigler's proposed opinions to be irrelevant. Specifically, opinions 4, 5 and 6 listed above, whether permissible as expert testimony or not, simply are no longer relevant to the case because I have already found no likelihood of confusion with respect to Pretty Colorado and Winslow's use of the BRECKENRIDGE TEA & SPICE mark or the

supposedly proprietary trade dress. Therefore, Mr. Weigler's opinions on these subjects will not be admitted because they are irrelevant.

I also find Mr. Weigler's other final opinions to invade the province of the Court. For example, the opinion that "Plaintiff's Section 32 [15 U.S.C. § 1114] Claim for Goods it Intentionally Removed from the Application Is the Clearest Case of Fraud Against the USPTP that I Have Ever Studied" concludes specifically that Plaintiffs committed fraud against the USPTO. I find that to be a bridge too far. Similarly, the conclusions that "Plaintiff Cannot Benefit from the Natural Expansion Doctrine," or that "Plaintiff Abandoned Its Service Mark," are also mixed legal and factual conclusions that usurp the fact finder's final authority and they will not be permitted.

However, I do think that Mr. Weigler's testimony and opinions about the *process* of trademark prosecution, and how an applicant or the applicant's attorney interacts with the USPTO's examining attorney would be helpful. This judge is not an expert in intellectual property, and it would be helpful to hear how a trademark prosecution occurs, and, specifically, how those interactions occurred in this case, as described generally in pages 3 through 7 of Mr. Weigler's opinion. Particularly important would be the import of the initial rejection of the SPICE MERCHANTS mark as generic when applied to the sale of spices, coupled with the Plaintiffs' revision of the application to apply to the retail sale of kitchen or culinary supplies. More detail about the process, as specifically applied to this case, is included on pages 8 and 9 of the expert disclosure. The Court believes that it would be helpful for this expert to explain a trademark applicant's obligations of candor to the USPTO, and the significance of the removal of "spices" from the description of the services being provided in connection with the

7

attempted registration. In other words, Mr. Weigler will not be allowed to testify that he believes this to be an incident of fraud in trademark application process, but he will be allowed to explain, as an expert in trademark prosecution, how the SPICE MERCHANTS and SPICE & TEA MERCHANTS marks came to be registered and whether this prosecution is consistent or inconsistent with the norms with which he is familiar as a trademark expert.

Dated:   July 7, 2025
         Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge